**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

HAROLD LAWTON,                          :

          Petitioner,                 :

vs.                                     :               CIVIL ACTION NO.: CV205-198

JOSE M. VASQUEZ, Warden,                :

          Respondent.                 :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Harold Lawton ("Lawton"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Respondent has filed a Response.  For the reasons which follow, Lawton's petition should be **DENIED**.

## STATEMENT OF THE CASE

Lawton was sentenced to eight years' imprisonment for the sale and distribution of marijuana in the state of Georgia on October 9, 2002.  Lawton was incarcerated with the Georgia Department of Corrections on January 9, 2003, for that conviction.  The United States Marshals Service ("Marshals Service") obtained physical custody of Lawton from state authorities pursuant to a writ of habeas corpus ad prosequendum on February 24, 2003; Lawton was taken to the Middle District of Florida for a court appearance in that district based on his July 18, 2002, arrest on a federal charge.  (Resp., p. 5.)  On June 19, 2003, the Honorable Richard A. Lazzara of the Middle District of Florida sentenced Lawton

to 77 months'[1] imprisonment, to be served concurrently with his state sentence, after Lawton pleaded guilty to being a felon in possession of a firearm.  Lawton remained in the custody of the Marshals Service until January 14, 2004, at which time he was returned to the state authorities' physical custody.  Lawton was released from state custody on April 28, 2004, and he arrived at FCI Jesup on July 16, 2004.  (Resp., p. 6.)

Lawton asserts that he is entitled to receive credit against his federal sentence from July 18, 2002, until June 19, 2003.  Lawton contends that he is entitled to this credit because his federal sentence was to run concurrently with his state sentence.

Respondent alleges that Lawton is not entitled to credit against his federal sentence for this period, as the Bureau of Prisons ("BOP") has credited Lawson with all the time to which he is entitled.  Respondent asserts that Lawton's sentence computation is governed by Program Statement 5880.28 of the Sentence Computation Manual, which implements the Congressional mandate of 18 U.S.C. § 3585(b).  (Resp., p. 8.)  Respondent contends that awarding Lawton credit against his federal sentence for this time period would amount to "double credit."  (Id. at 12.)

## DISCUSSION AND CITATION OF AUTHORITY

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by a defendant prior to sentencing. 18 U.S.C. § 3621; United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355, 117 L. Ed.2d 593 (1992).  Program Statement 5880.28 "transmits the 'Sentence Computation Manual' which establishes the policies and procedures for the computation of sentences

---

[1] Lawton's sentence was later reduced to 63 months' imprisonment.  (Resp't's Ex. 3, p. 1.)

AO 72A
(Rev. 8/82)

imposed for violations of the United States Code." Program Statement 5880.28, ¶ 1. This Program Statement provides that 18 U.S.C. § 3585(a) establishes the rule for the commencement of a sentence. It also provides that 18 U.S.C. § 3585(b), which deals with "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act. Program Statement 5880.28, p. 1-14. These statutes provide:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585 (Emphasis added). In determining the proper credit, a two part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served." United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980); see also, Program Statement 5880.28, p. 1-13 (stating that a federal sentence of imprisonment cannot commence earlier than the date on which it is imposed).

In the instant case, Lawton's federal sentence commenced on June 19, 2003, the date Judge Lazzara sentenced him. See 28 U.S.C. § 3585(a). Next, it must be determined

AO 72A
(Rev. 8/82)

what credit is due for time served prior to the commencement of his federal sentence. The court must begin with the plain language of the statute itself. See Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."); United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998). Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence.

Lawton was arrested based on his commission of a federal offense on July 18, 2002 (Resp't's Ex. 1, p. 3; Pet'r's Appx., p. 1), and, as noted above, he was sentenced in federal court on June 19, 2003. Lawton wishes to receive credit against his federal sentence for this time period. However, most of the time for which Lawton is currently seeking credit was credited against his state sentence. (See Resp't's Ex. 5, p.3; Resp., p. 8.) Lawton was sentenced on his state charge on October 9, 2002, and he received credit against his state sentence from July 29 until October 9, 2002. (Resp't's Ex. 5, p. 2.) Lawton also received credit against his state sentence between October 10, 2002, and June 19, 2003, the date his federal sentence commenced. (See Pet'r's Appx. A, p. 6.) After Lawton was placed in FCI Jesup, Mary Ann Branch, a Legal Instruments Examiner, discovered that Lawton had not been given credit against any other sentence from July 18, 2002, the date of his federal arrest, to July 28, 2002, the date before the state began giving him credit; thus, Lawton received credit against his federal sentence for these dates. (Resp't's Ex. 5, p. 3.)

4

Lawton received credit against his state sentence from July 29, 2002, until June 19, 2003, and he received credit against his federal sentence from July 18 until July 28, 2002. Lawton is not entitled to receive any additional credit against his federal sentence from July 18, 2002, until June 19, 2003, for so doing would result in his receipt of "double credit." See 18 U.S.C. § 3585(b).

## CONCLUSION

Accordingly, it is my **RECOMMENDATION** that Lawton's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this _17th_ day of April, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5